UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE ) <br> COMPANY OF PITTSBURG, PA., ) <br> ) <br>     Plaintiff/Counterclaim-Defendant, ) <br> ) <br>              v. ) <br> ) <br> MEAD JOHNSON & COMPANY and ) <br> MEAD JOHNSON NUTRITION ) <br> COMPANY, ) <br> ) <br>     Defendants/Counterclaim-Plaintiffs, ) <br> ) <br> LEXINGTON INSURANCE COMPANY, ) <br> ) <br>     Additional Counterclaim-Defendant. ) | 3:11-cv-15-RLY-WGH |

**MAGISTRATE JUDGE'S ORDER ON
JOINT MOTION FOR A PROTECTIVE ORDER**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on National Union and Lexington's Joint Motion for a Protective Order Forbidding or Limiting Mead Johnson's Rule 30(b)(6) Deposition Notices filed on November 11, 2011, and a Memorandum of Law on November 14, 2011. (Docket Nos. 138-139). Defendants filed their Memorandum of Law in Opposition to National Union and Lexington's Motion for a Protective Order on November 23, 2011. (Docket No. 147). National Union and Lexington filed a Reply Brief on December 2, 2011. (Docket No. 163).

The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the Joint Motion for a Protective Order.

The Magistrate Judge, having previously denied a motion to stay these proceedings (see Docket No. 142), now concludes that the depositions requested in the Notices issued by Defendants may proceed with the following limitations as to the topics upon which testimony must be produced:

1. **"The placement, drafting, underwriting and marketing of the [insurers' policies], including any amendments and/or endorsements":** The Joint Motion for Protective Order is denied as to this topic for the reasons specified in the Magistrate Judge's prior Order on Defendants/Counter Claimants' Motion to Compel Production and National Union and Lexington's Motion for Protective Order entered October 21, 2011. (Docket No. 131). However, the person responsible to testify with regard to these matters needs to be prepared to address only procedures employed and materials used concerning placement, drafting, underwriting and marketing of the specific type of policy at issue in this litigation. The time period during which the deponent must be prepared to address the topics (and any materials which that deponent must review to be prepared to address) is limited to a period of one year before and one year after the issuance of the policies at issue in this litigation.

2. **"The handling of claims brought by a policyholder for indemnity and defense costs under the [insurers' policies]":** The Joint Motion for

Protective Order is denied. However, the time period during which the process of handling claims must be described is limited to a time period of one year before and one year after the denial of the Defendants' claims at issue in this litigation.

    3. **"The structural, functional, operational and financial relationships between National Union, Lexington and Chartis":** The Joint Motion for Protective Order is granted, in part. Specifically, the witness must be prepared to address the structural, functional, operating and financial relationships between National Union, Lexington and Chartis. However, specific details concerning the pricing of policies which may be testified to as a part of this topic should be protected from public disclosure under an appropriate protective order until further order of this court.

    4. **Topics 4, 5, 6, and 7:** The Joint Motion for Protective Order is granted with respect to these four topics. Following the reasoning of former Chief Judge David F. Hamilton in *First Internet Bank of Indiana v. Lawyers Title Ins. Co.*, 2009 WL 2092782 (S.D. Ind. 2009), the use of contention *interrogatories* is an appropriate mechanism to require the statement of the facts which support particular contentions. Requiring National Union and Lexington to marshal all of the "proof" and prepare a lay witness to cogently testify about each element of their claims or defenses unduly exposes the communications between the witness and his/her counsel which occurred while that witness was being prepared for the deposition. Attorney work product and attorney-client communications are placed in jeopardy by such an examination of the lay

witness. No good cause has been shown at this stage to allow further inquiry into that work product.

    **SO ORDERED.**

**Dated:** December 14, 2011

                                                 William G. Hussmann, Jr.
                                                 United States Magistrate Judge
                                                 Southern District of Indiana

**Electronic copies to:**

James E. Gentry Jr.
BOWERS HARRISON LLP
jeg@bowersharrison.com

Mark D. Gerth
KIGHTLINGER & GRAY
mgerth@k-glaw.com

Daniel I. Graham Jr.
BATES CAREY NICOLAIDES, LLP
dgraham@bcnlaw.com

Mary F. Licari
BATES CAREY NICOLAIDES, LLP
mlicari@bcnlaw.com

Laura A. McArdle
BATES CAREY NICOLAIDES LLP
lmcardle@bcnlaw.com

Mark E. Miller
Bowers Harrison, LLP
mem@bowersharrison.com

Richard H. Nicolaides Jr.
BATES CAREY NICOLAIDES LLP
rnicolaides@bcnlaw.com

-5-

Brendan D. O'Toole
WILLIAMS MULLEN
botoole@williamsmullen.com

Robert F. Redmond Jr.
WILLIAMS MULLEN
rredmond@williamsmullen.com

John E. Rodewald
BATES CAREY NICOLAIDES, LLP
jrodewald@bcnlaw.com

Bertrand C. Sellier
VANDENBERG & FELIU LLP
bsellier@vanfeliu.com

Hal S. Shaftel
CADWALADER WICKERSHAM & TAFT LLP
hal.shaftel@cwt.com

Louis M. Solomon
CADWALADER, WICKERSHAM & TAFT LLP
louis.solomon@cwt.com

Kase L. Stiefvater
KIGHTLINGER & GRAY
kstiefvater@k-glaw.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com