UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., </br>    Plaintiff/Counterclaim-Defendant,</br></br>vs.</br></br>MEAD JOHNSON & COMPANY and MEAD JOHNSON NUTRITION COMPANY,</br></br>    Defendants/Counterclaim-Plaintiffs,</br></br>and</br></br>PBM PRODUCTS, LLC,</br>    Defendant,</br></br>and</br></br>LEXINGTON INSURANCE COMPANY</br></br>    Additional Counterclaim-Defendant. | 3:11–cv-15-RLY-WGH |

### ENTRY ON NATIONAL UNION'S AND LEXINGTON'S MOTION TO DISMISS OR STAY DEFENDANTS' AMENDED COUNTERCLAIMS AND ADDITIONAL CLAIMS

Plaintiff/Counter-Defendant National Union Fire Insurance Company of

Pittsburgh, PA. ("National Union") and Additional Counterclaim Defendant Lexington

Insurance Company ("Lexington"), move to dismiss or stay the Amended Counterclaims

and Additional Claims filed by Defendants/Counter-Plaintiffs Mead Johnson & Company

1

and Mead Johnson Nutrition Company ("Mead Johnson") with respect to the Consumer Class Actions Claims (defined below) that are the subject of a prior pending action in the United States District Court for the District of Massachusetts. For the reasons set forth below, the court **GRANTS** the motion to dismiss.

## I.    Background

### A.    The PBM Action

This case arises out of prior litigation between PBM Products, LLC ("PBM"), and Mead Johnson, competitors in the sale of infant formula (the "PBM Action"). PBM asserted that Mead Johnson engaged in a false advertising campaign against PBM's competing store brand infant formulas, in violation of the Lanham Act (15 U.S.C. § 1125(a)(1)). The advertising campaign consisted of a direct mailer distributed between June 2008 and April 2009, touting Mead Johnson's Enfamil LIPIL as superior to store brand products by enhancing a baby's IQ scores and visual development. PBM ultimately prevailed by winning a $13,500,000.00 jury verdict against Mead Johnson in November 2009. *See PBM Products, LLC v. Mead Johnson Nutrition Co., et al.*, Case No. 3:09-cv-00269 (W.D. Va.) ("Underlying PBM Lawsuit"). The verdict was affirmed by the Fourth Circuit Court of Appeals in April 2011. *PBM Products, LLC, et al. v. Mead Johnson & Company, et al.*, 639 F.3d 111 (4th Cir. 2011).

During this time frame, Mead Johnson had in place Commercial General Liability Policy No. 090-72-27 issued by National Union Fire Insurance Company ("National Union"), and Commercial Umbrella Liability Policy No. 065302639 issued by Lexington,

both of which provided advertising liability coverage for the policy period February 10, 2009 to February 10, 2010. (Amended Complaint ¶ 7). Following the jury verdict, Mead Johnson sought insurance coverage from National Union and Lexington for the Underlying PBM Claim. This prompted National Union to file the present declaratory judgment action on January 6, 2011, in this court, seeking a determination of its rights and obligations under its Commercial General Liability Policy, and a declaration that it is not obligated to defend or indemnify Mead Johnson with respect to the Underlying PBM Claim due, *inter alia*, to Mead Johnson's failure to provide National Union with timely notice of the claim.

### B. The Massachusetts Action

On January 7, 2011, National Union filed its declaratory judgment action relative to the Consumer Class Action Claims in the United States District Court for the District of Massachusetts ("Massachusetts Action"). (Affidavit of Laura McArdle, Ex. 1). That matter consists of six consumer class action lawsuits filed by consumers of Mead Johnson's Enfamil LIPIL product, who allege that Mead Johnson labeled and advertised its infant formula deceptively, representing that its infant formula was the only formula containing DHA and ARA when, in fact, other brands of infant formula also contained DHA and ARA in amounts at least equal to the Mead Johnson formula. The class plaintiffs allege that they paid higher prices for Mead Johnson infant formula than they would have paid for competing infant formula with the same benefits, purportedly in violation of common law principles and state statutes concerning unfair and deceptive

conduct or advertising. (*Id*., Exs. 1A-F). The class plaintiffs' allegations refer to advertising for a period dating back to 2005. (*Id*. ¶ 2, Ex. 1A ¶ 37).

The policy at issue in the Massachusetts Action is the same policy as the one at issue in the PBM Action; namely, National Union Commercial General Liability Policy No. 090-72-27, for the policy period February 10, 2009 to February 10, 2010. (*Id*., Ex. 1 ¶ 27). National Union seeks a declaratory judgment alleging that it has no obligation, under that policy, to defend or indemnify Mead Johnson in connection with the Consumer Class Action Claims because, *inter alia*, the Consumer Class Action Claims do not fall within the definition of a "personal and advertising injury" as defined in the policy and do not fall within the policy period. (*Id*., Ex. 1 ¶¶ 1, 30, 34). Mead Johnson moved to transfer the Massachusetts Action to this court, or in the alternative, to stay the proceedings on March 31, 2011.

### C.     Current Pleadings

On March 22, 2011, Mead Johnson filed an Answer and Counterclaims in the PBM Action, which seek to include permissive Counterclaims arising from the Consumer Class Action Claims. On April 6, 2011, Mead Johnson filed an Answer, Amended Counterclaims and Additional Claims adding Lexington to that lawsuit. National Union and Lexington now move to dismiss Mead Johnson's Counterclaims, to the extent they include the Consumer Class Action Claims, in favor of the first-filed Massachusetts Action.

## II.    Discussion

"When duplicative actions are filed in different federal courts, 'the general rule favors the forum of the first-filed suit.'" *Valbruna Stainless, Inc. v. Consolidated Pipe & Supply Co.*, 2010 WL 909077, at *3 (N.D. Ind. Mar. 9, 2010) (quoting *Pfizer, Inc. v. Apotex, Inc.*, 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009)). Mead Johnson contends that the PBM Action was filed before the Massachusetts Action, and that therefore, its Amended Counterclaims should remain here. The court does not agree. The Massachusetts Action was the first-filed with respect to the Consumer Class Action Claims. *See Big Dog Motorcycles, L.L.C. v. Big Dog Holdings, Inc.*, 351 F.Supp.2d 1188, 1194-95 (D.Kan. 2005) (holding that where the mirror image action in another jurisdiction arises from a later filed counterclaim, the first-filed action is determined by comparing the date of the counterclaim with the date of the complaint). Accordingly, Mead Johnson's Amended Counterclaims that arise from the Consumer Class Action Claims belong in the Massachusetts Action, not in this one.

Moreover, contrary to Mead Johnson's assertions, the Consumer Class Action Claims are wholly different from the PBM Claims, notwithstanding the fact that the PBM Action and the Massachusetts Action implicate the same National Union Comprehensive General Liability Policy. Indeed, the Consumer Class Action Claims arise from a different set of facts, involve different periods of alleged wrongful conduct, and involve plaintiffs from jurisdictions outside of Indiana. In addition, National Union's defenses to coverage are different in the Massachusetts Action as opposed to the PBM Action. To allow the Amended Counterclaims to remain in this Action would only serve to confuse

the issues, prolong this litigation, and increase the possibility of inconsistent rulings between this court and the Massachusetts court. In sum, Mead Johnson's Amended Counterclaims, to the extent they include the Consumer Class Action Claims, must be dismissed. National Union's and Lexington's Motion to Dismiss Amended Counterclaims (Docket # 83) is therefore **GRANTED**.

**SO ORDERED** this 28th day of December 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

James E. Gentry Jr.
BOWERS HARRISON LLP
jeg@bowersharrison.com

Mark D. Gerth
KIGHTLINGER & GRAY
mgerth@k-glaw.com

Daniel I. Graham Jr.
BATES CAREY NICOLAIDES, LLP
dgraham@bcnlaw.com

Mary F. Licari
BATES CAREY NICOLAIDES, LLP
mlicari@bcnlaw.com

Laura A. McArdle
BATES CAREY NICOLAIDES LLP
lmcardle@bcnlaw.com

Mark E. Miller
Bowers Harrison, LLP
mem@bowersharrison.com

Richard H. Nicolaides Jr.
BATES CAREY NICOLAIDES LLP
rnicolaides@bcnlaw.com

Brendan D. O'Toole
WILLIAMS MULLEN
botoole@williamsmullen.com

Robert F. Redmond Jr.
WILLIAMS MULLEN
rredmond@williamsmullen.com

John E. Rodewald
BATES CAREY NICOLAIDES, LLP
jrodewald@bcnlaw.com

Bertrand C. Sellier
VANDENBERG & FELIU LLP
bsellier@vanfeliu.com

Hal S. Shaftel
CADWALADER WICKERSHAM & TAFT LLP
hal.shaftel@cwt.com

Louis M. Solomon
CADWALADER, WICKERSHAM & TAFT LLP
louis.solomon@cwt.com

Kase L. Stiefvater
KIGHTLINGER & GRAY
kstiefvater@k-glaw.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com