UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:11-cv-15-RLY-WGH |
| MEAD JOHNSON & COMPANY, MEAD JOHNSON NUTRITION COMPANY, and PBM PRODUCTS, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER ON NATIONAL UNION'S MOTION FOR RECONSIDERATION

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on National Union Fire Insurance Company of Pittsburgh, Pa.'s Motion for Reconsideration of Section 4 of the Magistrate Judge's February 7, 2012 Order on Sealed Motion to Compel the Production of Documents Identified in Mead Johnson's Privilege Log, which motion was filed on February 21, 2012. (Docket Nos. 222-223). A response was filed by the Mead Johnson Defendants (hereafter collectively called "Mead Johnson") on March 5, 2012. (Docket No. 227). National Union's reply brief was filed on March 13, 2012. (Docket No. 228).

The Magistrate Judge, being duly advised, now **DENIES** National Union's Motion for Reconsideration.

In the case before this court, National Union sought documents produced by Mead Johnson in the underlying PBM litigation. National Union received, as a part of those documents, a privilege log detailing items not produced under claims of attorney-client privilege or work product protection in that underlying PBM litigation. There is no evidence before the Magistrate Judge that the opposing party argued, or that the PBM court concluded, that Mead Johnson improperly asserted those privileges or improperly withheld those documents from production in that underlying litigation.

As the Magistrate Judge has previously concluded that National Union is not entitled to those privileged materials under the common interest doctrine or the cooperation clause contained within the National Union policy, the Magistrate Judge concludes that National Union is not entitled to review the underlying materials in this litigation. Additionally, because of the substantial volume of materials that involve at least 3,365 or more documents, it would be impractical for the court to conduct an in camera review on a document-by-document basis in an effort to determine whether the particular documents were subject to the claimed privilege or contained attachments or other pieces of

information which amount to factual evidence not subject to being protected as claimed by Mead Johnson in the underlying litigation.[1]

Out of an abundance of caution, and because this insurance coverage suit raises issues that may not be identical in all respects to those issues in the underlying PBM suit, the Magistrate Judge has provided a mechanism under which National Union may explore to some degree whether particular documents that National Union believes may be critical to the resolution of this case should be re-examined by this court in an in camera setting to test the bona fides of Mead Johnson's privilege log.  Because National Union is in a better position to address which particular documents may be most critical, the Magistrate Judge has allowed National Union to select the appropriate documents for review rather than attempting to engage in a random sampling of documents by the Magistrate Judge himself.

The mechanism selected by the Magistrate Judge allows National Union to select the most critical documents for review and requires Mead Johnson to re-examine their position with respect to privilege in light of this case and either re-clarify that position or disclose the document.  Once the parties have engaged in that exercise, the Magistrate Judge will be in a better position to determine whether there should be expanded review of additional materials within the

---

[1] At two minutes review per document, the review would take approximately 113 hours of time.

privilege log or whether further exploration is unlikely to yield relevant evidence to the resolution of this insurance coverage dispute.

National Union's Motion for Reconsideration has not demonstrated that the prior ruling was clearly erroneous or contrary to law, and the Motion for Reconsideration is **DENIED.**

**SO ORDERED.**

**Dated:** April 2, 2012

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

James E. Gentry Jr.
BOWERS HARRISON LLP
jeg@bowersharrison.com

Mark D. Gerth
KIGHTLINGER & GRAY
mgerth@k-glaw.com

Daniel I. Graham Jr.
BATES CAREY NICOLAIDES, LLP
dgraham@bcnlaw.com

Mary F. Licari
BATES CAREY NICOLAIDES, LLP
mlicari@bcnlaw.com

Laura A. McArdle
BATES CAREY NICOLAIDES LLP
lmcardle@bcnlaw.com

Mark E. Miller
Bowers Harrison, LLP
mem@bowersharrison.com

Richard H. Nicolaides Jr.
BATES CAREY NICOLAIDES LLP
rnicolaides@bcnlaw.com

Brendan D. O'Toole
WILLIAMS MULLEN
botoole@williamsmullen.com

Robert F. Redmond Jr.
WILLIAMS MULLEN
rredmond@williamsmullen.com

John E. Rodewald
BATES CAREY NICOLAIDES, LLP
jrodewald@bcnlaw.com

Bertrand C. Sellier
VANDENBERG & FELIU LLP
bsellier@vanfeliu.com

Hal S. Shaftel
CADWALADER WICKERSHAM & TAFT LLP
hal.shaftel@cwt.com

Louis M. Solomon
CADWALADER, WICKERSHAM & TAFT LLP
louis.solomon@cwt.com

Kase L. Stiefvater
KIGHTLINGER & GRAY
kstiefvater@k-glaw.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com