UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, | ) ) | |
|     Plaintiff and | ) | |
|     Counterclaim-Defendant, | ) | |
| | ) | 3:11-cv-00015-RLY-WGH |
|     vs. | ) | |
| | ) | |
| MEAD JOHNSON & COMPANY and | ) | |
| MEAD JOHNSON NUTRITION | ) | |
| COMPANY, | ) | |
|     Defendants and | ) | |
|     Counterclaim-Plaintiffs | ) | |
| | ) | |
| LEXINGTON INSURANCE COMPANY, | ) | |
|     Additional Counterclaim-Defendant. | ) | |

**ENTRY ON NATIONAL UNION'S AND LEXINGTON'S MOTION TO
REALIGN LEXINGTON AND DISMISS THIS LAWSUIT FOR LACK OF
SUBJECT MATTER JURISDICTION**

For the policy period February 10, 2009, to February 10, 2010, Defendants/

Counterclaim-Plaintiffs, Mead Johnson & Company and Mead Johnson Nutrition

Company (collectively "Mead Johnson"), had in place a Commercial General Liability

Policy issued by Plaintiff/Counterclaim-Defendant National Union Fire Insurance

Company of Pittsburgh, PA ("National Union"), and an Umbrella Liability Policy issued

by Additional Counterclaim-Defendant Lexington Insurance Company ("Lexington")

(collectively "Insurers"), that provided for an integrated tower of insurance coverage for

advertising liability.  In early 2009, Mead Johnson engaged in an advertising campaign to

1

boost the sales of its infant formula, Enfamil LIPIL, prompting its competitor, PBM Products, LLC ("PBM"), to file a lawsuit against it for, *inter alia*, false advertising.  PBM ultimately prevailed by winning a $13,500,000 jury verdict against Mead Johnson in November 2009.  *See PBM Products, LLC v. Mead Johnson Nutrition Co., et al.*, Case No. 3:09-cv-00269 (W.D. Va.) ("Underlying PBM Lawsuit").

Following the jury verdict, Mead Johnson sought insurance coverage from National Union and Lexington for the Underlying PBM Claim.  This prompted National Union to file the present declaratory judgment action on January 6, 2011, in this court, seeking a determination of its rights and obligations under its Commercial General Liability Policy, and a declaration that it is not obligated to defend or indemnify Mead Johnson with respect to the Underlying PBM Claim.  The court's subject matter jurisdiction was based strictly on the complete diversity of citizenship between National Union and Mead Johnson pursuant to 28 U.S.C. § 1332.

On April 6, 2011, Mead Johnson filed an Answer, Amended Counterclaims and Additional Claims adding Lexington to this lawsuit.  On January 26, 2012, the court ruled that Mead Johnson properly added Lexington to this lawsuit by Amended Counterclaim and pursuant to supplemental jurisdiction, 28 U.S.C. § 1367.  The question presented by Insurers' Motion is whether Lexington should remain in this case as a counterclaim defendant or instead, be realigned as a plaintiff.  Such a realignment would deprive the court of subject matter jurisdiction, because Lexington and Mead Johnson are both citizens of Delaware.  Consequently, Insurers also move to dismiss this diversity case for

2

lack of subject matter jurisdiction.

Where jurisdiction is based on the diversity of citizenship, the court may realign the parties' designation of plaintiff and defendant to conform with their true interests in the litigation. *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981) (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)). ("Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who are defendants."). "Realignment is proper where no actual, substantial controversy exists between parties on one side of the dispute and their named opponents." *Id.*; *see also Olin Corp. v. Insurance Co. of N. Am.*, 807 F.Supp. 1143, 1147 (S.D.N.Y. 1992) (realignment is appropriate where "a plaintiff, in the complaint, aligns the parties in a way which is not in accord with the actual controversy between the parties"). In conducting this inquiry, the court must "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Trane*, 657 F.2d at 149. The facts which form the basis for realignment must be present at the time the action is commenced. *Id*.

A leading case in this Circuit on realignment is *Trane*, *supra*. In that case, Trane, a manufacturer of heat transfer units and air conditioning devices, was insured through a tower of insurance coverage by "Employers" for claims up to $300,000, by "American Motorists" for claims from $300,000 to $5,000,000, by "St. Paul" for claims from $5,000,000 to $10,000,000, and by "American Home" for claims from $10,000,000 to $20,000,000. *Id*. at 148. Trane was sued in connection with the sale of certain heating

units by "Pritchard," and an insurance dispute arose. *Id*. American Motorists filed a declaratory judgment action against Trane, Pritchard, and three other insurance companies with respect to the insurers' duty to defend. *Id*. at 148-49. Trane subsequently amended its answer to assert counterclaims against American Motorists and cross-claims against the other insurance companies. *Id*. at 149. American Motorists then brought a motion to realign Employers as a plaintiff and to dismiss the action for lack of subject matter jurisdiction. *Id*. The district court granted the motion, reasoning that because American Motorists argued in its motion for summary judgment (also pending) that the Pritchard claims did not constitute an "occurrence" under either the American Motorists or Employer's policies, and that, therefore, neither American Motorists nor Employer's had a duty to defend under their respective policies, the parties were not in sufficient conflict to justify them being on opposite sides of the lawsuit. *Id*. at 149-50.

On appeal, the Seventh Circuit reversed, finding that the issue of realignment turned on "the points of substantial antagonism, not agreement." *Id*. at 151. Based upon pleadings and the terms of the insurers' policies, the Court concluded that "a substantial conflict" between American Motorists and Employers existed on the duty to defend, "notwithstanding their common interest in avoiding liability." *Id*. at 150. The Court reasoned:

> Because Employers is the underlying insurer, American Motorists would benefit from a holding that Employers had a duty to defend Trane. Conversely, if Employers were found not to be liable, American Motorists would then have the burden of proving that it had no duty to defend Trane. That American Motorists would benefit from a holding adverse to

4

Employers is a fact which has been in existence since the beginning of this lawsuit, and is not diminished by the former's urgings that neither it nor Employers has a duty to defend.

*Id.*

Insurers argue that, unlike the insurers in *Trane*, "no controversy whatsoever exists between National Union and Lexington" because: (1) National Union did not file a complaint against Lexington; (2) the policies provide for an "integrated tower of coverage" under a single policy period; (3) National Union and Lexington retained the same law firms to represent their interests; and (4) National Union's and Lexington's policies have similar coverage provisions. Therefore, according to Insurers, Lexington should be realigned as a plaintiff to reflect its true interest in this litigation. Insurers misconstrue the holding of *Trane*; indeed, *Trane* actually supports Mead Johnson's position.

Count I of Mead Johnson's Amended Counterclaim alleges that the National Union and Lexington policies provide for both defense and indemnity coverage, and that both Insurers breached the insurance contract by refusing to pay for the same. The fact that the policies are "integrated," have similar coverage provisions, and cover the same policy period, is not determinative, because the focus of the realignment inquiry is not on the points of agreement, but on the points of substantial antagonism. In fact, these same factors existed in *Trane*. Thus, although National Union and Lexington have a common interest in avoiding liability, the dispute over defense costs is a real and substantial controversy that justifies them being on opposites side of this case. For example,

5

Lexington, as the second tier carrier, would benefit from a finding that National Union had a duty to reimburse Mead Johnson for their defense costs, while a finding that National Union had no such duty to Mead Johnson could put the burden squarely on Lexington.  Finally, the fact that National Union and Lexington share common counsel does not necessarily suggest that their interests are fully aligned such that realignment is appropriate.  If anything, it suggests that if defense costs become an issue – which is a very real possibility – Insurers' counsel will have to address the obvious conflict of interest that will arise out of representing one client with an interest adverse to another client.  *See* PROF. COND. R. 1.7(a).

There is a more fundamental reason to deny realignment – National Union and Lexington are not *opposing* parties.  As noted by Insurers, National Union did not file a complaint against Lexington, and the two have not asserted claims of any kind against each other.  National Union filed a claim against Mead Johnson, and Mead Johnson filed counterclaims against National Union and Lexington.  Significantly, Lexington answered Mead Johnson's Amended Counterclaim, but did not assert a claim against Mead Johnson.  Were Lexington realigned as a party plaintiff, Lexington would be in the bizarre position of being a plaintiff with no claims against the defendant, Mead Johnson. In this procedural circumstance, Lexington should not be realigned.  *See Olin*, 807 F.Supp. at 1148 (holding that realignment applies to the parties of the original complaint, and not to the parties of a subsequent counterclaim filed by a defendant).  National Union's and Lexington's Motion to Realign Lexington and Dismiss This Lawsuit for

Lack of Subject Matter Jurisdiction (Docket # 209) is therefore **DENIED**.

**SO ORDERED** this 17th day of July 2012.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Stanley V. Figura
BATES CAREY NICOLAIDES, LLP
191 North Wacker
Suite 2400
Chicago, IL 60606

Mark D. Gerth
KIGHTLINGER & GRAY
mgerth@k-glaw.com

Daniel I. Graham Jr.
BATES CAREY NICOLAIDES, LLP
dgraham@bcnlaw.com

Mary F. Licari
BATES CAREY NICOLAIDES, LLP
mlicari@bcnlaw.com

Laura A. McArdle
BATES CAREY NICOLAIDES LLP
lmcardle@bcnlaw.com

Mark E. Miller
Bowers Harrison, LLP
mem@bowersharrison.com

Richard H. Nicolaides Jr.
BATES CAREY NICOLAIDES LLP
rnicolaides@bcnlaw.com

Brendan D. O'Toole
WILLIAMS MULLEN
botoole@williamsmullen.com

Robert F. Redmond Jr.
WILLIAMS MULLEN
rredmond@williamsmullen.com

John E. Rodewald
BATES CAREY NICOLAIDES, LLP
jrodewald@bcnlaw.com

Bertrand C. Sellier
VANDENBERG & FELIU LLP
bsellier@vanfeliu.com

Hal S. Shaftel
CADWALADER WICKERSHAM &
TAFT LLP
hal.shaftel@cwt.com

Louis M. Solomon
CADWALADER, WICKERSHAM &
TAFT LLP
louis.solomon@cwt.com

Kase L. Stiefvater
KIGHTLINGER & GRAY
kstiefvater@k-glaw.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com

Copy to:

Jordon S. Steinway
BATES CAREY NICOLAIDES
191 North Wacker
Suite 2400
Chicago, IL 60606