UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| v. | ) ) | 3:11-cv-15-RLY-WGH |
| MEAD JOHNSON & COMPANY and MEAD JOHNSON NUTRITIONCOMPANY, | ) ) ) | |
| Defendants/Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| LEXINGTON INSURANCE COMPANY, | ) ) | |
| Additional Counterclaim Defendant. | ) | |

**ORDER ON PENDING MOTIONS**
**(Dkts. 322, 319)**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on (a) the Motion to Seal (and Maintain Under Seal) National Union and Lexington's Supplemental Brief in Support of Their Rule 72(a) Objection DE 197, filed March 7, 2014, by National Union Fire Insurance Company of Pittsburgh, Pa., and Lexington Insurance Company (Dkt. 322); and (b) the Motion for Clarification of the Court's February 21, 2014 Order, filed March 6, 2014, by National Union Fire Insurance Company of Pittsburgh, Pa. (Dkt. 319).

The two motions request that this Court seal and maintain under seal certain documents which the parties have exchanged during discovery and submitted to enable the Court to reach substantive decisions important to the resolution of the case. Some of the sealed documents have been submitted in support of a motion addressing the scope of discovery. Other sealed documents have been attached to a Motion for Leave to Amend the Complaint.

The Seventh Circuit addressed issues concerning public access to documents which the parties have obtained during the discovery process in *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009). The Seventh Circuit discussion begins with the language, "It is beyond dispute that most documents filed in court are presumptively open to the public; members of the media and the public may bring third-party challenges to protective orders that shield court records and court proceedings from public view. . . ." *Id.* at 1073. Citing to *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984), the *Bond* Court has held that the public's right of access is limited to traditionally publicly available sources of information and that "'discovered, but not yet admitted, information' is not 'a traditionally public source of information.'" *Id.* at 1074. Later, the Seventh Circuit discusses why "[t]here are good reasons to treat the public's right to access filed and unfiled discovery materials differently." *Id.* That discussion ends with the language, "We have said that '[s]ecrecy is fine at the discovery stage, before the material enters the

judicial record.'" *Id.* at 1075 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).

Thereafter, the Seventh Circuit states that the rights of the public "kick in" when materials produced during discovery are filed with the court. Specifically, the Court says:

> At this point, the documents have been "used in [a court] proceeding," Fed. R. Civ. P. 5(d), and consequently the possibility exists that they could "influence or underpin the judicial decision" and they are therefore presumptively "open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality."

*Id.* (citing *Baxter Int'l.*, 297 F.3d at 545, and *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (footnote omitted).

Protective orders issued in this case and in most others allow the parties to determine for themselves whether certain things are trade secrets or confidential information without any judicial review of that decision whatsoever. It is not possible or practical for judicial officers – who are faced with motions to seal oftentimes voluminous documents in support of motions – to screen each and every document to determine whether the parties have a good faith basis for believing that the discovery materials do in fact contain proprietary information or trade secrets that warrant protection from the public. Therefore, motions for leave to file documents under seal are generally liberally granted.

However, the parties' request that these materials be maintained under seal cannot be granted merely because the parties wish them to be kept

confidential.  It is clear that a judicial official cannot render an opinion on a motion under seal; neither should a judge render an opinion that some particular motion is granted or denied "for reasons that the parties and the Judge don't wish anyone else to know about."  Therefore, in this case, the Magistrate Judge will not issue an order that <u>maintains</u> any document filed under seal after a decision on the motion is reached.  If necessary to explain the outcome of a given motion, judicial reference may indeed need to be made to specific documents and specific language in those documents.  In most cases, once an opinion is docketed on the merits of a particular motion, the Magistrate Judge believes it is prudent that the underlying briefs be unsealed so that public scrutiny of the propriety of the judicial determination is available to anyone who is interested in the fairness and efficiency of the court system as a whole.  The exposure to the public of matters the parties would prefer to remain private is the price that is paid for the use of a public dispute resolution mechanism.

For those who wish to keep private information private, private dispute resolution mechanisms do exist.  This is particularly true in this case.  This litigation involves a relatively common commercial dispute – whether an insurer was required to provide insurance coverage for its insured for particular types of claims.  This case does not involve an assault by a competitor seeking to challenge and expose the intricacies of Mead Johnson's product formulations.

Therefore, the motions described above are **GRANTED in part** and **DENIED in part**.  The documents tendered to the Court may be filed under seal.

However, the Court does not grant the motion to maintain the documents under seal once a judicial ruling has occurred.

    **SO ORDERED** the 20th day of March, 2014.

                                          William G. Hussmann, Jr.
                                          United States Magistrate Judge
                                          Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**